**UNITED STATES, Appellee,**

v.

**Denon O. GREEN, Specialist
U.S. Army, Appellant.**

No. 66,422.
CM 9000663.

U.S. Court of Military Appeals.

Argued Jan. 5, 1993.
Decided May 13, 1993.

For Appellant: *Captain Thomas D. Wight* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Major Robin L. Hall, Captain Mark L. Toole* (on brief).

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant stands convicted of conspiring to commit larceny, damaging private property, and four specifications of larceny, in violation of Articles 81, 109, and 121, Uniform Code of Military Justice, 10 USC §§ 881, 909, and 921, respectively.[1] The issue before this Court is:

WHETHER APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND STATUTORY RIGHT TO EQUAL ACCESS TO EVIDENCE UNDER ARTICLE 46, UCMJ, 10 USC § 846, WAS VIOLATED WHEN, DESPITE A DEFENSE DISCOVERY REQUEST, THE GOVERNMENT FAILED TO DISCLOSE THAT A PROSECUTION WITNESS, SPECIAL AGENT JOHN SAVAGE, HAD RECEIVED NONJUDICIAL PUNISHMENT UNDER ARTICLE 15, UCMJ.

Prior to trial, appellant's counsel made a request for discovery asking for, among other things; exculpatory evidence in possession of the Government, as well as its agents or informants, "that may be favorable to the" defendant "within the meaning of" *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); information that may "exculpate the defendant through an indication of innocence or ... potential impeachment of" any government witness; *and "[a]ny record of prior conviction, and/or nonjudicial punishment of" any prosecution witness.* (Emphasis

added.) Regarding Special Agent Savage, who was listed as a prosecution witness but not specifically named in the request, the Government responded to the request without comment.

▉ Subsequent to appellant's trial, the defense learned that Special Agent Savage received nonjudicial punishment in November 1988 for violations of Article 91, UCMJ, 10 USC § 891, regarding fraternization; Article 132, UCMJ, 10 USC § 932, for filing a false travel voucher; and Article 121, UCMJ, 10 USC § 921, for larceny of 2 days' leave by indicating a fraudulent departure date. The Government failed to disclose this information to the defense prior to trial.[2]

▉ The prosecution's "suppression ... of evidence favorable to an accused," when requested, violates an accused's due process right to a fair trial "where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1197; *United States v. Eshalomi*, 23 MJ 12 (CMA 1986). This rule also applies to impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *United States v. Watson*, 31 MJ 49, 54 (CMA 1990). In order for the Government's failure to disclose evidence to amount "to a violation of due process, ... the withheld evidence

---

1. On February 28 and March 1 and 2, 1990, appellant was tried by general court-martial composed of officer members. Despite his pleas, he was convicted and sentenced to a bad-conduct discharge, confinement for 2 years, and total forfeitures. The convening authority approved the sentence, and on March 7, 1991, the Court of Military Review affirmed the findings and sentence without opinion.

We denied appellant's original petition for review on June 10, 1991. 33 MJ 186. Upon petition for reconsideration of the denial, appellant raised for the first time the issue of the Government's wrongful suppression of evidence requested by the defense in pretrial discovery. On August 19, 1991, we set aside the decision of the Court of Military Review and remanded the case for consideration of the Government's failure to disclose. 34 MJ 14. On January 9, 1992,

the Court of Military Review once again affirmed the findings and sentence in an unpublished opinion. On July 24, 1992, we granted review of the issue now before us. See 36 MJ 82 (Daily Journal, April 21, 1993).

2. Trial counsel has a duty to "make [a] reasonably diligent effort to comply with a legally proper discovery request by an opposing party." ABA Model Rules of Professional Conduct 3.4(d). This duty includes ensuring that all answers to discovery requests are correct. By responding without comment, trial counsel was in effect asserting that there was no record of prior convictions or nonjudicial punishment for a government witness not specifically listed in the request, Special Agent Savage, which was not the case.

must" meet the test for materiality as stated by the Supreme Court:

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

*United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *United States v. Watson, supra* at 54.[3] We must assess the possibility of a different outcome as a result of the prosecution's failure to disclose evidence "in light of the totality of the circumstances." 473 U.S. at 683, 105 S.Ct. at 3384.

We have considered that, in the military, there may be "a heavier burden on the Government" than that imposed upon civilian prosecutors "to sustain a conviction" when evidence has been withheld from an accused. *United States v. Eshalomi, supra* at 24. This heavier burden springs from the generous discovery principle announced in Article 46, UCMJ, 10 USC § 846. *Id.* Thus when we apply the "materiality" test, we give the benefit of any reasonable doubt to the military accused. If we have a "reasonable doubt" as to whether the result of the proceeding would have been different, we grant relief. *United States v. Watson, supra* at 55. If, however, we are satisfied that the outcome would not be affected by the new evidence, we would affirm.

At trial, Special Agent Savage testified about a search he and other agents conducted of appellant's room. He identified items seized during the search which he had marked with his initials, and these items were introduced as prosecution exhibits. Special Agent Savage's credibility

was never an issue at trial, and his testimony was consistent with testimony of other prosecution witnesses. The evidence that was material to appellant's conviction was not Special Agent Savage's testimony. The material witnesses were, rather, the ones to whom appellant had admitted the theft of several items, appellant's conspirators, the victims, and Special Agent Hauser to whom appellant made a sworn statement admitting theft of a radar detector.

The Government's nondisclosure was error; however, in light of the record, we conclude that there is no reasonable probability that the outcome of the trial would have been different had appellant known of Special Agent Savage's nonjudicial punishment. The exculpatory evidence does not cast reasonable doubt on the validity of appellant's conviction. Under the reasonable-probability test, the nondisclosure was harmless, so appellant was not denied due process.

The decision of the United States Army Court of Military Review on remand is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

WISS, Judge (concurring in part and in the result):

The granted issue questions whether appellant's constitutional due process and statutory rights to equal access to evidence were infringed to his prejudice. *See* U.S. Const. amend. V; Art. 46, Uniform Code of Military Justice, 10 USC § 846. As to the former, the standard articulated by the Supreme Court of the United States in *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985), is the appropriate benchmark for our decision; and I agree that there is not a reason-

---

3. The Supreme Court reformulated the original test for materiality set forth in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), that distinguished three situations in which the accused might discover nondisclosed exculpatory evidence after trial. Following *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982), and *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), the Supreme Court adopted the reasonable-probability test for materiality which is sufficiently flexible to cover the three possible categories in *Agurs* for prosecutorial failure to disclose. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). *See United States v. Watson*, 31 MJ 49, 54 (CMA 1990).

able probability under all the circumstances of this case that the evidence not disclosed here would have led to a different result.

The majority acknowledges that Article 46, however, provides a military accused with more generous discovery rights than a civilian defendant typically enjoys and that, for that reason, "there may be 'a heavier burden on the Government' than that imposed upon civilian prosecutors 'to sustain a conviction' when evidence has been withheld from an accused. *United States v. Eshalomi,* [23 MJ 12,] 24 [ (1986) ]." 37 MJ at 90. In placing that heavier burden on the Government, the majority holds: "*If we have a 'reasonable doubt' as to whether the result of the proceeding would have been different,* we grant relief. *United States v. Watson,* [31 MJ 49,] 55 (CMA 1990) ]. If, however, we are satisfied that the outcome would not be affected by the new evidence, we would affirm." 37 MJ at 90 (emphasis added).

Actually, the burden is the reverse of the manner in which the majority states it. In *United States v. Hart,* 29 MJ 407, 410 (CMA 1990), this Court recognized the broader statutory discovery rights available to a military accused and unanimously concluded as "correct[ ]" the following reasoning of Judge Gilley when that case had been before the Court of Military Review:

> [W]here prosecutorial misconduct is present or where the Government fails to disclose information pursuant to a specific request, *the evidence will be consid-ered "material unless failure to disclose" can be demonstrated to "be harmless beyond a reasonable doubt."* Where there is no request or only a general request, the failure will be "material only if there is a reasonable probability that" a different verdict would result from disclosure of the evidence. 27 MJ [839,] 842. We agree with Judge Gilley.

(Emphasis added.)

The Court's decision in *Watson,* cited by the majority as reflected above, actually says nothing at all about this statutory burden; indeed, notwithstanding that the granted issue there, as here, embraced both the constitutional and the statutory rights, the Court limited its discussion to the constitutional one and applied only the constitutional standard. 31 MJ at 54–55.

Accordingly, I believe it is important here to clearly acknowledge that there are two different protections of a military accused's right to evidence and that, where the evidence was the subject of a specific defense request, the standard for measuring prejudice from its nondisclosure is different under Article 46 from what it is under the Constitution.

Having said that, however, I agree with the disposition ordered because I conclude, for all the reasons illuminated by the majority in support of its conclusion, that the nondisclosure here was harmless beyond a reasonable doubt. *See United States v. Hart, supra.*